UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIMETREUS ADAMS,

                    Plaintiff,

        -against-

THE PEOPLE OF THE STATE OF NEW
YORK; THE NEW YORK POLICE
DEPARTMENT; THE NEW YORK STATE
ATTORNEY GENERAL; THE NEW YORK
STATE COMPROLLER GENERAL,

                    Defendants.

24-CV-4543 (LTS)

ORDER DIRECTING UPDATED
PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained at the George R. Vierno Center on Rikers Island,

brings this action *pro se.* To proceed with a civil action in this Court, a prisoner must either pay

$405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP

application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a

prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the

$350.00 filing fee in installments deducted from the prisoner's account.[1]  *See* 28 U.S.C.

§ 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must

therefore also authorize the Court to withdraw these payments from his account by filing a

"prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct

the $350.00 filing fee from the prisoner's account in installments and to send to this Court

---

[1]  The $55.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application and a prisoner authorization, but the prisoner authorization is addressed to the United States District Court for the Eastern District of New York, and it allows the court to collect $450, rather than the correct $350 filing fee. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 24-CV-4543 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 17, 2024
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.